JOHN N. HAYWARD, Respondent, *against* THE KNICKER-BOCKER LIFE INSURANCE COMPANY, Appellant.

(Decided March 15th, 1883.)

An agreement indorsed upon the back of a policy of life insurance, that "In case the holder of this policy wishes to cancel it after three annual premiums have been paid, a fair proportion of the premiums will be returned, if applied for before the policy has expired," is not void for uncertainty; in an action thereon by the insured, it may be shown by extrinsic evidence what would be a fair proportion of the premiums to be returned; and for that purpose expert testimony showing the sur-render value is competent.

The insured is not estopped from urging such claim by continuing to make payments of premiums pending the action.

APPEAL from a judgment of this court entered upon the report of a referee.

In December, 1864, the defendant issued its policy to the plaintiff for $10,000, at an annual premium of $351.70. Among the conditions on the back of the policy was the following : "In case the holder of this policy wishes to

Hayward *v.* Knickerbocker Life Ins. Co.

cancel it after three annual premiums have been paid, a fair proportion of the premiums will be returned, if applied for before the policy has expired."

After the payment of fifteen annual premiums the plaintiff made the application provided for. It was refused, and this action was brought to recover a fair proportion of the premiums. While the action was pending, and before trial, the plaintiff paid additional premiums and served a supplemental complaint containing this fact. The action was referred and judgment entered in plaintiff's favor upon the referee's report. From the judgment the defendant appealed.

*Henry W. Johnson,* for appellant.

*William Barnes,* for respondent.

BEACH, J.—[After stating the facts as above.]—The payment of premiums after the commencement of this action undoubtedly kept the policy in force, yet does not estop the plaintiff from urging the claim asserted in this action. The policy contained two independent promises made by the insurer. One was to pay its amount upon plaintiff's death, the other to return a fair proportion of premiums paid upon proper demand. No right of the defendant has been affected by the continued payment of premiums, and it is difficult to imagine how any could be. There is a lack of every element constituting an estoppel in pais. The payment of premiums was neither inconsistent nor irreconcilable with the right the plaintiff here asserts or the position he assumes, and no action of the defendant has been founded upon such payment. The supposititious situation suggested on behalf of appellant, arising from an assignment of the judgment in this action to one party, and of the policy to another ignorant of the judgment, and the plaintiff's death, raises no legal difficulty. By final judgment in this action the defendant is relieved from any claim under the policy from the death of the insured. Its pur-

chaser under the circumstances supposed would take no more than his assignor possessed, and would have his legal remedy against him for the sale of a worthless chose in action. Payment of the premiums pending suit was but wise precaution, because if the plaintiff should eventually be held not entitled to recover here he would be utterly remediless, should the policy have lapsed. He is not called upon to surrender one right until the other shall be finally established.

This agreement is not void for uncertainty. No ambiguity appears in its wording. Substantially the defendant agreed at any time after the payment of three annual premiums to return a fair proportion of the premiums, if the plaintiff should desire to cancel the policy and make the application before it had expired. The meaning is clearly and intelligibly expressed by the use of words appropriate and well understood. There is no objection in such a case to extrinsic evidence, showing what would be a fair proportion of premiums to be returned. Equal uncertainty would exist in a written contract to pay a fair amount for anything bought. The result of the agreement is a purchase and cancellation by the company of its contract at the desire of the other party. The insured has paid a certain sum for the contract he now desires to cancel, upon receipt of a fair proportion of what has been paid. This would seem to be the present value of the contract he holds; in other words, the worth now of that which his premiums have created and sustained. Upon this theory expert evidence showing the surrender value of the policy was competent. The referee has found this from diverse calculations, and his conclusion is fully sustained by the proofs.

The fifth finding of fact is not objectionable, although unnecessary, and the third conclusion of law was not founded upon it, but on the decision of Mr. Justice DALY. The eighth and ninth findings of fact include conclusions of law, but, although inartistically drawn and designated, should not affect the judgment, being otherwise correct.

The other exceptions taken are thought to be covered by prior portions of this opinion.

The judgment should be affirmed, with costs and disbursements.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment affirmed, with costs.